# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DARIUS GREEN,
an individual,

                                              Case No.:

    Plaintiff,

v.

TRANS UNION LLC,
a foreign limited liability company,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, DARIUS GREEN, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

## COMPLAINT

**COMES NOW**, Plaintiff, DARIUS GREEN (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, TRANS UNION LLC (hereinafter, "TRANSUNION"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for TRANSUNION's violation of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein TRANSUNION failed to maintain procedures designed to assure maximum possible accuracy when preparing

1

and generating Plaintiff's credit reports and TRANSUNION continued to incorrectly report Plaintiff as deceased despite Plaintiff's dispute to TRANSUNION explaining and proving he was and still is alive.

<strong><u>JURISDICTION, VENUE & PARTIES</u></strong>

2.　　Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3.　　Defendant is subject to the jurisdiction of this Court, as TRANSUNION regularly transact business in this District.

4.　　Venue is proper in this District as Defendant regularly conducts business in this District, and the acts and transactions described herein occur in this District.

5.　　At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida.

6.　　At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

<strong><u>FCRA STATUTORY STRUCTURE</u></strong>

7.　Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.　*See* 15 United States Code, Section 1681b.

8.　　Under the FCRA, whenever a consumer reporting agency prepares a

consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

9.　Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

10.　Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

11.　Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

12.　Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed

information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

13.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

14.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

### GENERAL ALLEGATIONS

15.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

16.     At all material times herein, Plaintiff is alive and not deceased.

17. Notwithstanding Plaintiff's irrefutable status as a living person, TRANSUNION reported Plaintiff as deceased.

18. At all material times herein, TRANSUNION is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

19. At all material times herein, TRANSUNION acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

21. On or about August 2025, Plaintiff attempted to purchase a new automobile but was denied a loan with Navy Federal Credit Union.

22. As such, soon thereafter, Plaintiff attempted to obtain a copy of his TRANSUNION credit report but was unable to do so.

23. On or about January 29, 2026, Plaintiff sent a letter to TRANSUNION advising that Plaintiff is in fact alive, advising that notation stating "CONSUMER_DECEASED" should be removed, and demanding that

5

TRANSUNION investigate and update accordingly (hereinafter, "Plaintiff's Written Dispute").

24.    Plaintiff's Written Dispute provided sufficient information to allow TRANSUNION to identify Plaintiff's credit file, including Plaintiff's name, date of birth, last four digits of his social security number, and his current address.

25.    Additionally, Plaintiff's Written Dispute enclosed copies of Plaintiff's driver's license, billing statement with his new address, and an affidavit sworn before a notary public stating that Plaintiff is alive in support of his dispute.

26.    Transunion received Plaintiff's Written Dispute.

27.    In response to Plaintiff's Written Dispute, TRANSUNION sent him a letter stating that his proof of address was unacceptable.

28.    Plaintiff sent TRANSUNION a second dispute and TRANSUNION provided Plaintiff with his disclosure in March 2026.

## DAMAGES

29.    Plaintiff was denied a car loan with Navy Federal Credit Union.

30.    Plaintiff was denied car insurance with Geico and State Farm.

31.    Plaintiff received a much higher interest rate on a vehicle.

32.    Plaintiff retained Swift Law PLLC and F&H Law Group for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

33.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of

up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

34.    As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making further credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's inaccurate and continued reporting of him as deceased and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports indicating that Plaintiff had died.

35.    Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite being a living individual still using his credit and paying balances associated with the same, Plaintiff must simply endure Defendant's unlawful reporting.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

36.    TRANSUNION is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

37. TRANSUNION willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

38. Plaintiff's Written Dispute Letter proved that Plaintiff is alive by providing copies of his driver's license, proof of new address, and an affidavit sworn before a notary public stating that Plaintiff is alive in support of his dispute.

39. Despite Plaintiff's unequivocal proof of live provided to TRANSUNION, TRANSUNION still reported him as deceased.

40. Between January 2024 and the date of this Complaint, TRANSUNION generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading information.

41. As a result of TRANSUNION's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was denied credit, was deterred from making additional/further credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's inaccurate and continued reporting of him as deceased and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Accounts with incorrect information indicating that Plaintiff had died.

42. TRANSUNION's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated

herein.

43.    TRANSUNION's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

44.    TRANSUNION is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's dispute to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's dispute, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

45.    Specifically, TRANSUNION willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's dispute, as described herein.

9

46. For example, after receiving Plaintiff's Written Dispute, TRANSUNION failed to properly investigate.

47. Instead, following Plaintiff's Written Dispute, TRANSUNION sent Plaintiff a letter claiming his proof of address was not sufficient.

48. As a result of TRANSUNION's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was denied credit, was deterred from making additional/further credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' inaccurate and continued reporting of him as deceased and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Accounts with incorrect information indicating that Plaintiff had died.

49. TRANSUNION's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

50. TRANSUNION's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct,

Plaintiff respectfully requests an entry of:

     a.     Judgment against Defendant for maximum statutory damages for violations of the FCRA;

     b.     Actual damages in an amount to be determined at trial;

     c.     Compensatory damages in an amount to be determined at trial;

     d.     Punitive damages in an amount to be determined at trial;

     e.     An award of attorney's fees and costs; and

     f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq.**
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

And

11

/s/ Ryan C. Hasanbasic

Paul R. Fowkes (FBN 723886)
paul@fhlawpa.com
Ryan C. Hasanbasic (FBN 44119)
ryan@fhlawpa.com
F&H LAW GROUP, P.A.
1807 Short Branch Drive, Ste. 101
Trinity, Florida 34655
Telephone: (727) 500-1010
Facsimile: (727) 943-3203
*Co-counsel for Plaintiff*